UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY VRONKO,

        Petitioner,

v.                                              Case No. 2:13-CV-289
                                               HON. R. ALLAN EDGAR

MITCH PERRY,

        Respondent.
_____/

## OPINION & ORDER

Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. In 2010, a jury convicted Petitioner of accosting children for immoral purposes (Mich. Comp. Laws § 750.145a), and being a sexual offender that was loitering in a school safety zone (MCL § 28.734(2)(a)). PageID.1, 60. Petitioner was convicted as a third habitual offender and sentenced to concurrent sentences of three to eight years for accosting, and one to two years for loitering. PageID.1, 60-61. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals with appointed counsel. PageID.2. The appellate court denied his application and affirmed his convictions on June 16, 2011. PageID.2. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, and this application was also denied on September 4, 2012. PageID.2.

Petitioner did not file a motion for relief from judgment in the state court, nor did he appeal to the Supreme Court. Instead, he filed a habeas petition in this Court on September 17, 2013. ECF No. 1. Petitioner maintains that his convictions were based on a violation of his state and federal rights. Petitioner sets forth a single claim for relief:

> Petitioner's federal & state constitutional rights of due process where MCL 768.27a conflicts with FRE/MRE 404(B) and violates United States & the Michigan Supreme Court's constitutional power to establish, modify, amend and simplify the practice and procedure in all courts of this state. The people's evidence of prior bad acts or uncharged offenses was, therefore, impermissible and reversible error.

PageID.8, 16. Petitioner filed a brief in support of his habeas application on November 25, 2013. ECF No.5. Respondent filed a response to Petitioner's habeas application on March 28, 2014. ECF No.7. Petitioner has not filed a reply. The matter is now ready for a decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

II.

In his single habeas claim, Petitioner argues that several instances of past "bad

acts" were improperly admitted at trial, thereby violating his state and constitutional rights. Upon reading Petitioner's claim, it appears as though he, in effect, is alleging two separate claims. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed."); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held to a less stringent standard and are liberally construed when deciding if the pleadings fail to state a claim). Those claims include: (1) that MCL 768.27a is not constitutional because MCL 768.27a irreconcilably conflicts with FRE and MRE 404(b), and (2) that even if MCL 768.27a is constitutional, the "bad acts" evidence admitted under this rule were improperly admitted at trial, as this evidence is more prejudicial than probative. PageID.36, 38, 42, 48, 54-55.

### A. MCL 768.27a

Petitioner's first claim is that MCL 768.27a is not constitutional since it runs afoul of MRE and FRE 404(b), meaning that the state court erred by admitting his prior "bad acts" at trial under MCL 768.27a. PageID.36. Notably, MCL 768.27a states, in relevant part, that

> in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

MCL 768.27a (noting a "listed offense" includes MCL 750.145a—the crime for which Petitioner was convicted).

#### i. MRE 404(b)

To the extent that Petitioner argues that MCL 768.27a unconstitutionally conflicts with MRE 404(b), this claim is not cognizable on habeas review. It is well established that habeas relief is not an available remedy to a state court's alleged error in its application of state

law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The "federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle*, 502 U.S. at 68. Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, [] may [it] violate due process and thus warrant habeas review." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 540 U.S. 930 (2003) (citations omitted). "[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly." *Bugh*, 329 F.3d at 512 (internal quotations and citations omitted).

Petitioner claims that his trial was fundamentally unfair because MRE 404(b) and MCL 768.27a conflict, and based on this conflict, the trial court should have applied MRE 404(b) instead of MCL 768.27a since "it governs practice and procedure." PageID.38-39 (citing *People v. Strong*, 213 Mich. App. 107 (1995)). As a result, since the trial court applied MCL 768.27a to admit the "bad acts" evidence (when it should have applied MRE 404(b)), Petitioner claims that his trial was unfair.

The Michigan Court of Appeals considered this claim on Petitioner's direct appeal, and concluded that an irreconcilable conflict does not exist between MCL 768.27a and MRE 404(b):

> Defendant first argues that it was error to admit the evidence of prior acts pursuant to MCL 768.27a, which provides:
>
> > (1) Notwithstanding section 27, [MCL 768.27, the statutory counterpart to MRE 404(b)], in a criminal case in which the defendant is accused of committing a listed offense against a minor, [i.e., a listed offense as defined in section 2 of the sex offenders registration act, MCL 28.722], evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant . . . .

> Defendant argues that enacting MCL 768.27a, the Legislature unconstitutionally infringed on our Supreme Court's authority to regulate practice and procedure under Mich. Const. 1963, art 6, § 5. Defendant asserts that the statute is in conflict with MRE 404(b), and that, in adopting this evidentiary rule, the Court set forth a procedural due process protection that precluded the use of propensity evidence to prove that a defendant committed a charged offense. Defendant recognizes that this Court reached the opposite conclusion in *People v. Pattison*, 276 Mich.App. 613; 741 NW2d 558 (2007), but raises the issue to preserve his right to advance it in the Supreme Court.
>
> Under MCR 7.215(C)(2), a published Court of Appeals decision has precedential effect under the rule of stare decisis. See also MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this [conflict] rule."). Defendant is not entitled to relief on this issue.

*People v. Vronko*, No. 297792, 2011 WL 2424264, at **1-2 (Mich. Ct. App. June 16, 2011); *see People v. Pattison*, 276 Mich. App. 613, 619-20 (2007) ("MCL 768.27a is substantive in nature, and it does not violate the principles of separation of powers."). The appellate court's review of Petitioner's claim is thorough and complete, and it does not misapply federal law to the facts of Petitioner's case, nor does it contradict a set of facts materially indistinguishable from a Supreme Court decision. *Bailey*, 271 F.3d at 655. As a result, Petitioner has not demonstrated that his trial was fundamentally unfair, which means that this claim is not cognizable on habeas review. Accordingly, Petitioner's first claim fails.

### ii. FRE 404(b)

Next, Petitioner claims that MCL 768.27a unconstitutionally violates FRE 404(b). PageID.36-38. However, the Federal Rules of Evidence (including FRE 404(b)) do not apply to

state court proceedings. *See, e.g., Norris v. Schotten*, 146 F.3d 314, 335 (6th Cir. 1998) (declining to review the reliability or fairness of scientific evidence under *Daubert* since it "concerned the Federal Rules of Evidence which is not relevant to appellant's [state court] conviction."). As a result, Petitioner's claim fails.

Moreover, even if FRE 404(b) was relevant to this state court conviction, Petitioner provides no information, aside from his own conclusory allegations, that MCL 768.27a unconstitutionally runs afoul of FRE 404(b), such that it deprived him of any constitutional rights. "Conclusory allegations of unconstitutional conduct without specific fact[s] are insufficient to support a claim for relief." *Catanzaro v. Harry*, No. 1:11-CV-867, 2011 WL 6885419, at *4 (W.D. Mich. Dec. 29, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Prince v. Straub*, 78 Fed. App'x 440, 442 (6th Cir. 2003) ("Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.").

Furthermore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512 (citing *Estelle*, 502 U.S. at 75 (noting the Court did not hold that admitting prior injury evidence violated due process, meaning habeas relief on that issue was not warranted)), and *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967) (noting the Court rejected the idea that the Due Process Clause requires excluding prejudicial evidence)). As a result, Petitioner's claim that MCL 768.27a violates FRE 404(b) fails.

### B. Probative Value of MCL 768.27a Evidence

In Petitioner's final claim, he asserts that even if MCL 768.27a is constitutional,

the "bad acts" evidence admitted at trial pursuant to this rule rendered his trial fundamentally unfair because this evidence was more prejudicial than probative under MRE 403. PageID.42, 48, 54-55. Again, Petitioner has alleged an error of state law, which is not cognizable on habeas review since the extraordinary remedy of habeas corpus lies only for violations of the constitution. 28 U.S.C. § 2254(a); *see Estelle*, 502 U.S. at 67-68 (noting that issues asking whether evidence was properly admitted under state law is cognizable on habeas review since the habeas court cannot "re-examine state-court determinations on state-law questions."); *see also Bugh*, 329 F.3d at 512 ("[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly.") (internal quotations and citations omitted). Petitioner, therefore, must demonstrate that this state law issue rendered his trial fundamentally unfair before this habeas Court may review the claim. *See Bugh*, 329 F.3d at 512 (noting that only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, [] may [it] violate due process and thus warrant habeas review.").

   Petitioner claims that his trial was fundamentally unfair because the admission of both his prior non-convicted and convicted behavior unfairly prejudiced his trial since it "concern[ed] allegation[s] that the defendant committed the same or a similar crime before." PageID.46. Notably, MRE 403 states, in relevant part, that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403.

   Despite his allegations to the contrary, Petitioner has not shown that the state trial court's admission of the allegedly prejudicial "bad acts" rendered his trial fundamentally unfair. The Michigan Court of Appeals reviewed this claim on Petitioner's appeal of right, and ultimately denied it:

Defendant next argues that even if evidence is admissible under MCL 768.27a, it may not be admitted if it is more prejudicial than probative under MRE 403. *Pattison* indicates that an MRE 403 analysis must be done before evidence is admitted under MCL 768.27a. See 276 Mich.App. at 621; see also *People v. Mann*, 288 Mich.App. 114; ---- NW2d ---- (2010). The *Mann* Court held:

> [T]he probative value of the [MCL 768.27a] evidence was not substantially outweighed by the danger of unfair prejudice. Whether the minors in this case were telling the truth had significant probative value because it underlies whether Mann should be convicted of the crimes for which he was charged. Further, the trial court specifically instructed the jury on two occasions that the only purpose for which the evidence could be considered was to help them judge the believability of the testimony regarding the acts for which Mann was on trial. And jurors are presumed to follow their instructions. Moreover, the trial court took precautions to limit any prejudicial effect by ensuring that the videotape of Mann's guilty plea to the prior offense was not played for the jury. Instead, the trial court allowed a stipulation that Mann committed the act to be entered into evidence. [288 Mich.App. at 118-119 (footnotes omitted).]

Here, the witnesses testified to the prior incidents. There was no stipulation that the prior events occurred but also no indication that defendant was willing to stipulate to these occurrences. In instructing the jury, the trial court did not state, as in *Mann*, that this evidence was limited to judging whether the defendant was believable. Rather, consistent with the statute, the jury was told that if it believed that defendant committed acts of sexual misconduct involving a child, it could consider the acts in "deciding if the defendant committed the offenses for which he is now on trial." **The jury was cautioned as follows**:

> You must not convict the defendant in this case solely because you think he is guilty of other bad conduct in the past. The evidence in this case must convince you beyond a reasonable doubt that the defendant committed the crimes for which he is currently on trial.

Where the defense was a claim that defendant's actions were innocent, the value of this evidence would be to contradict

> defendant's veracity.[2] On this point, the probative value of the evidence was not outweighed by the potential for prejudice.
>
> _____
>
> 2. In addition, since defendant claimed that what he said while driving by the child was innocuous and the complainant simply misheard it, the prior act is also admissible under MRE 404(b) to show an "absence of mistake". MRE 404B(b)(1).

*Vronko*, 2011 WL 2424264, at **2-3 (emphasis added). The Michigan Court of Appeals' review of this claim is thorough and complete. *Bailey*, 271 F.3d at 655. As a result, Petitioner has not shown that the admission of his prior "bad acts" rendered his trial fundamentally unfair. *See Bugh*, 329 F.3d at 512 ("[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly."). Consequently, Petitioner's final claim fails as it is not cognizable on habeas review.

### III.

This Court concludes that Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court

**DENIES A CERTIFICATE OF APPEALABILITY** as to each issue raised by Petitioner.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DISMISSED**.

In summary, Petitioner's habeas application (ECF No. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

Dated:  __3/23/2016___

___/s/ *R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE